UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **Lori Turner**, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>**Ulta Salon, Cosmetics & Fragrance, Inc. dba Ulta Beauty**, a Delaware Corporation,<br><br>          Defendant. | No. _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Lori Turner ("Plaintiff"), individually and on behalf of all other persons similarly situated, sues the Defendant, Ulta Salon, Cosmetics & Fragrance, Inc. (hereafter "Ulta" or "Defendant") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, Ohio Minimum Fair Wage Standards Act ("OMWFSA"), O.R.C. 4111.01, *et seq.* and Fed. R. Civ. P. 23 for Ulta's failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

2. Plaintiff, the Collective Members and the Class Members are current and former employees of Ulta. Plaintiff brings this action on behalf of herself and all similarly-situated current and former non-exempt employees of Ulta.

3. The Collective Members are all current and former non-exempt employees, who were employed by Ulta at any time starting three years before this Complaint was filed, up to the present.

4.     The Class Members are all current and former non-exempt employees who were employed by Ulta within the state of Ohio at any time starting three years before this Complaint was filed, up to the present.

5.     Under the FLSA and OMWFSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek. Ulta failed to pay Plaintiff, the Collective Members and the Class Members one and one-half times their regular rate of pay for all time they spent working in excess of 40 hours in a given workweek. Plaintiff therefore brings this Class Action and Collective Action Complaint pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) for Ulta's violation of federal and Ohio law as detailed further below.

6.     The wage requirements of the FLSA and OMFWSA "will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee." *See* 29 C.F.R. 778.315. "For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act." *Id.* Ulta violated the FLSA and OMFWSA by requiring Plaintiff, the Collective Members and the Class Members to provide the phones necessary to complete their job duties for Ulta while failing to reimburse Plaintiff, the Collective Members and the Class Members for the costs of the same.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because Defendant is a citizen of this state and headquartered in this district.

9. At all relevant times, Plaintiff has been a resident of Ohio and performed work for Ulta within the state of Ohio.

10. Ulta is headquartered at 1000 Remington Blvd. #120, Bolingbrook, IL 60440.

11. Ulta regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction – in this judicial district.

12. Plaintiff, the Collective Members and the Class Members in their work for Ulta were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## PARTIES

13. Plaintiff was a non-exempt employee of Ulta who worked at Ulta's Lancaster, Ohio location from approximately March 2019 through approximately August 23, 2022.

14. The Collective Members are all current and former non-exempt employees who worked for Ulta in the United States at any point in the three years preceding the filing of this Complaint.

15. The Class Members are all current and former non-exempt employees who worked for Ulta in the state of Ohio at any point in the three years preceding the filing of this Complaint.

16. The Class and Collective Members are non-exempt from the OMFWSA and FLSA overtime requirements.

17. At all material times, Ulta was a Delaware corporation, headquartered in Illinois and duly licensed to transact business in the State of Ohio.

18. Defendant is a retail beauty products and service company.

19. Under the OMFWSA and FLSA, Ulta is an employer. At all relevant times, Ulta had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Ulta. As a person who acted in the interest of Ulta in relation to the company's employees, Ulta is subject to liability under the OMFWSA and FLSA.

20. At all material times, Plaintiff and the Class and Collective Members were employees of Ulta as defined by the OMFWSA and FLSA, 29 U.S.C. § 203(e)(1).

21. At all material times, Plaintiff and the Class and Collective Members were non-exempt employees under 29 U.S.C. § 213(a)(1).

22. Plaintiff has given her written consent to be named party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as **Exhibit A**.

## FACTUAL ALLEGATIONS

23. The Collective Members are all current and former non-exempt employees who worked for Ulta nationwide at any point in the three years preceding the filing of this Complaint. The Collective Members are non-exempt from the FLSA's overtime requirements.

24. The Class Members are all current and former non-exempt employees who worked for Ulta in Ohio at any point in the three years preceding the filing of this Complaint. The Class Members are non-exempt from the OMFWSA's overtime requirements.

25. Plaintiff worked for Ulta as a beauty advisor, cashier, and keyholder, providing customer service for Ulta's customers. The Collective and Class Members similarly work as stylists, beauty advisors, counter managers, and cashiers.

26. At all relevant times, Plaintiff was compensated on an hourly basis.

27. During each and every workweek, Plaintiff and the Class and Collective Members were paid on an hourly basis.

28. Plaintiff, the Collective Members, and the Class Members were required by Ulta to use their personal phones to watch training videos 3-5 times per week. Ulta requires all non-exempt employees to watch the videos during non-regular work hours, including during their meal and rest breaks and other times when they were off-the-clock.

29. Plaintiff, the Collective Members, and the Class Members were required by Ulta to download the app, WorkJam, onto their personal phones to watch training videos and to clock in and clock out of work. Ulta requires all non-exempt employees to utilize the WorkJam app.

30. At all relative times, Plaintiff, the Collective Members and the Class Members have been subject to Ulta's policy of requiring Plaintiff, the Collective Members and the Class Members to spend time scheduling, watching training videos, completing surveys, messaging, and otherwise interacting with the WorkJam app.

31. Ulta provided gratis boxes with sample size boxes approximately 8 times per year to the stores that had 100% compliance with watching the required training videos.

32. Ulta knew or should have known that the Plaintiff, the Collective Members, and the Class Members were interacting with WorkJam on their personal phones during rest breaks, meal breaks, and non-shift hours.

33. At all relative times, Plaintiff, the Collective Members and the Class Members have been subject to Ulta's policy of requiring Plaintiff, the Collective Members and the Class Members to spend time interacting with the WorkJam app during rest breaks, meal breaks, and non-shift hours.

34. As a result, Plaintiff, the Collective Members and the Class Members typically spend 15 minutes or more each shift that goes completely uncompensated. In all instances, Ulta's failure to compensate Plaintiff, the Collective Members and the Class Members for such time violates the minimum wage provisions of the FLSA and OMFWSA. In all instances wherein Plaintiff, the Collective Members and the Class Members work in excess of forty (40) hours in a given workweek, Ulta's failure to compensate Plaintiff, the Collective Members and the Class Members for time spent on the WorkJam app violated the overtime provisions of the FLSA and OMFWSA.

35. Ulta requires Plaintiff, the Collective Members and the Class Members to supply their own phones for completing the training videos, for clocking in and out of the timekeeping system, and for interacting with the app, WorkJam. See https://www.workjam.com/. However, Ulta fails to reimburse Plaintiff, the Collective Members and the Class Members for such phones. As such, Ulta has violated both the minimum wage and overtime provisions of the FLSA and OMFWSA.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

37. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on her own behalf and as a representative of individuals similarly situated who are current or former non-exempt employees of Ulta.

38. Ulta subjected all of their non-exempt employees, including Plaintiff and the Collective Members, to their policy and practice of not paying them minimum wage or overtime for all time spent completing training videos, in violation of 29 U.S.C. §§ 206 and 207.

39. Ulta subjected all of their non-exempt employees, including Plaintiff and the Collective Members, to their policy of requiring Plaintiff and the Collective Members to provide phones without reimbursing Plaintiff and the Collective Members for same.

40. Plaintiff's claims stated in this Complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

41. The Collective Members perform or have performed the same or similar work as Plaintiff.

42. Ulta's failure to pay minimum wage and overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiff or the Collective Members.

43. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Ulta that caused harm to all of the Collective Members.

44. As such, Plaintiff brings her FLSA overtime claim as a nationwide collective action on behalf of the following nationwide FLSA Collective:

> **All of Ulta's current and former non-exempt employees who worked in an Ulta store at any time from three (3) years preceding the filing of this Complaint to the present, excluding current and former non-exempt employee of Ulta who worked in California.**

45. Ulta's unlawful conduct, as described herein, is pursuant to Ulta's corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

46. Ulta is aware or should have been aware that federal law prohibited them from not paying Plaintiff and the Collective Members all minimum wage and overtime as detailed herein.

47. Ulta's unlawful conduct has been widespread, repeated, and consistent.

48. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

49. Upon information and belief, the individuals similarly situated to Plaintiff include thousands of non-exempt employees currently and/or formerly employed by Ulta. Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in Ulta's possession, custody, or control, but it can be readily ascertained from its employment records.

50. Notice can be provided to the Collective Members by First Class Mail to the last address known to Ulta, via email at the last known email address known to Ulta, and/or by text message to the last known telephone number known to Ulta.

## OHIO RULE 23 CLASS DEFINITIONS AND ALLEGATIONS

51. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

52. Plaintiff brings Claims for Relief for violation of Ohio wage and hour laws as a class action pursuant to Rule 23(a), (b)(2), and (b)(3) and the opt-in provisions of 4111.10 with respect to overtime claims. Plaintiff brings these claims on behalf of herself and all members of the following class comprised of:

> **Rule 23 Class**
>
> **All of Ulta's current and former non-exempt employees who worked in an Ulta store within Ohio at any time from three (3) years preceding the filing of this Complaint to the present.**
>
> **Numerosity (Rule 23(a)(1)).**

53. The Class Members are so numerous that joinder of all members is impracticable. Plaintiff on information and belief alleges, that Ulta employed greater than one hundred (100) people who satisfy the definition of the Class Members.

  a. **Existence of Common Questions of Law and Fact (Rule 23(a)(2)).**

54. Common questions of law and fact exist as to the Plaintiffs and the Class Members including, but not limited to, the following:

  a. Whether Ulta unlawfully failed to pay the Class Members all minimum and overtime wages, in violation of the Ohio Minimum Fair Wage Standards Act ("OMFWSA");

  b. Whether Ulta unlawfully failed to keep and maintain accurate and true records of the hours worked by the Class Members as required by applicable law; and

  c. The damages sustained and the proper measure of restitution recoverable by members of the Class Members.

  b. **Typicality (Rule 23(a)(3)).**

55. Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like the

Class Members, was subjected to Ulta's illegal scheme to maximize profits by depriving their employees of minimum wage and overtime compensation.

### c. Adequacy (Rule 23(a)(4)).

56. Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

### d. Injunctive and Declaratory Relief (Rule 23(b)(2)).

57. Class certification of the Rule 23 claims is appropriate pursuant to Rule 23(b)(2) because Ulta acted or refused to act on grounds generally applicable to the Class Members, making appropriate declaratory relief with respect to the Class Members as a whole.

### e. Predominance and Superiority of Class Action (Rule 23(b)(3)).

58. Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to the Class Members predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Ulta's common and uniform policies and practices illegally deprived Plaintiff and all similarly situated employees of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Ulta's practices.

59. Plaintiff intends to send notice to all Class Members to the extent required by Rule 23.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## OFF-THE-CLOCK WORK

60. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

61. Ulta has a consistent enterprise-wide policy of requiring Plaintiff and the Collective Members to perform work while off the clock and failing and/or refusing to compensate Plaintiff and the Collective Members at one and one-half times their regular hourly rate for all the time they worked in excess of forty (40) hours.

62. Plaintiff and the Collective Members provide customer service for Ulta's customers. As part of this design, Ulta requires Plaintiff and the Collective Members to interact with the WorkJam app, including completing regular trainings.

63. At all relative times, Plaintiff and the Collective Members have been subject to Ulta's policy of requiring Plaintiff and the Collective Members to interact with the WorkJam app prior to clocking in at the beginning of their shifts, during rest breaks, after clocking out at the end of their shifts, and during unpaid meal breaks.

64. As a result, Plaintiff and the Collective Members typically spend 15 minutes or more each shift that goes completely uncompensated. In all instances, Ulta's failure to compensate Plaintiff and the Collective Members for such time violates the minimum wage provisions of the FLSA 29 U.S.C. § 206. In all instances wherein Plaintiff and the Collective Members work in excess of forty (40) hours in a given workweek, Ulta's failure to compensate Plaintiff and the Collective Members for such time violates the overtime provisions of the FLSA, 29 U.S.C. § 207.

65. Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of

discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

66. Ulta knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate the FLSA, and Ulta was aware of the FLSA's minimum wage and overtime requirements. As such, Ulta's conduct constitutes a willful violation of the FLSA. Ulta could track time off the clock and activity performed via the WorkJam application, which "combin[es] communication, task management, learning, self-service scheduling tools and more." See https://www.workjam.com/library/workjam-video/

67. As a result of Ulta's failure or refusal to pay Plaintiff and the Collective Members for all hours worked, and Ulta's failure or refusal to pay Plaintiff and the Collective Members one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given workweek, Ulta violated 29 U.S.C. §§ 206 and 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

### COUNT TWO: OHIO MINIMUM FAIR WAGE STANDARDS ACT
### OFF-THE-CLOCK WORK

68. Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

69. "FLSA and Ohio Minimum Fair Wage Standards Act claims are subject to [the] same standards." *Craig v. Landry's, Inc.*, No. 1:16-CV-277, 2016 WL 3406032, at *3 (S.D. Ohio June 21,

2016) (citing *Haight*; *Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp.2d 725, 732 (S.D. Ohio 2006); *Pritchard v. Dent Wizard Int'l. Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002)).

70. Ulta has a consistent enterprise-wide policy of requiring Plaintiff and the Class Members to perform work while off the clock and failing and/or refusing to compensate Plaintiff and the Class Members at one and one-half times their regular hourly rate for all the time they worked in excess of forty (40) hours.

71. Plaintiff and the Collective Members provide customer service for Ulta's customers. As part of this design, Ulta requires Plaintiff and the Collective Members to complete regular trainings.

72. At all relative times, Plaintiff and the Class Members have been subject to Ulta's policy of requiring Plaintiff and the Class Members to spend time interacting with the WorkJam app prior to clocking in at the beginning of their shifts, after clocking out at the end of their shifts, during rest breaks, and during unpaid meal breaks.

79. Plaintiff and the Class Members must also perform evaluations, trainings, and reviews while not clocked into the Defendant's time-keeping system.

80. As a result, Plaintiff and the Class Members typically spend 15 minutes or more each shift that goes completely uncompensated. In all instances, Ulta's failure to compensate Plaintiff and the Class Members for such time violates the minimum wage provisions of O.R.C. § 4111 *et seq*. In all instances wherein Plaintiff and the Class Members work in excess of forty (40) hours in a given workweek, Ulta's failure to compensate Plaintiff and the Class Members for such time violates the overtime provisions of O.R.C. § 4111 *et seq/*.

81. Although at this stage, Plaintiff and the Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Class Members believe that such information will become available during the course of discovery.

Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

82. Ulta knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Class Members would violate Ohio law, and Ulta was aware of the Ohio's minimum wage and overtime requirements during Plaintiff's and the Class Members' employment. As such, Ulta's conduct constitutes a willful violation of the OMFWSA.

83. As a result of Defendants' failure or refusal to pay Plaintiff and the Class Members all minimum wages and overtime due under Ohio law, Plaintiff and the Class Members are entitled to compensation for all such unpaid wages, to be proven at trial, plus treble damages and interest, reasonable attorney's fees, and costs.

## COUNT THREE: FAIR LABOR STANDARDS ACT
## IMPROPER KICKBACKS

84. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

85. The wage requirements of the FLSA "will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee." *See* 29 C.F.R. 778.315. "For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act." *Id.*

86. Ulta requires Plaintiff and the Collective Members to supply their own smart phones for completing trainings, surveys, and for clocking in and out of the company's timekeeping system.

87. Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

88. Ulta knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate the FLSA, and Ulta was aware of the FLSA's minimum wage and overtime requirements. As such, Ulta's conduct constitutes a willful violation of the FLSA.

89. As a result of Ulta's failure to reimburse Plaintiff and the Collective Members for their phones and cellular service, Ulta violated the minimum wage and overtime provisions of the FLSA. Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

### COUNT FOUR: OHIO MINIMUM FAIR WAGE STANDARDS ACT
### IMPROPER KICKBACKS

90. Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

91. "FLSA and Ohio Minimum Fair Wage Standards Act claims are subject to [the] same standards." *Craig v. Landry's, Inc.*, No. 1:16-CV-277, 2016 WL 3406032, at *3 (S.D. Ohio June 21, 2016) (citing *Haight*; *Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp.2d 725, 732 (S.D. Ohio

2006); *Pritchard v. Dent Wizard Int'l. Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002)). The wage requirements of the OMFWSA will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee.

92. Ulta requires Plaintiff and the Class Members to supply their own smart phones for completing training videos, surveys, and for clocking in and out of the company's timekeeping system.

93. Although at this stage, Plaintiff and the Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Class Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

94. Ulta knew that – or acted with reckless disregard as to whether – their refusal or failure reimburse Plaintiff and Class Members for their smart phones would violate Ohio law, and Ulta was aware of the Ohio's minimum wage and overtime requirements during Plaintiff's and the Class Members' employment. As such, Ulta's conduct constitutes a willful violation of the OMFWSA.

95. As a result of Ulta's refusal or failure reimburse Plaintiff and Class Members for their phones and cellular service, Plaintiff and the Class Members are entitled to compensation for all such unpaid wages, to be proven at trial, plus treble damages and interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiff, Lori Turner, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's, the Collective Members' and the Class Members' favor, and against Ulta:

A. For the Court to declare and find Ulta committed one or more of the following acts:

    i. violated the minimum wage and overtime provisions of the FLSA;

    ii. willfully violated the minimum wage and overtime provisions of the FLSA;

    iii. violated the minimum wage and overtime provisions of the OMFWSA; and

    iv. willfully violated the minimum wage and overtime provisions of the OMFWSA.

B. For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiff, the Collective Members and the Class Members;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest on any damages awarded;

E. For the Court to award all treble damages, interest attorney fees and costs owed to Plaintiff and the Class Members under the OMFWSA;

F. For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

G. For the Court to provide a reasonable incentive award for Plaintiff to compensate her for the time she spent attempting to recover wages for the Collective Members and for the risks he took in doing so; and

H. Such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, the Collective Members and the Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED: December 11, 2022

Respectfully submitted,

s/ *Michael L. Fradin*
Michael L. Fradin, Esq. 6289502
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

By: /s/ *James L. Simon*
James L. Simon (*pro hac vice* forthcoming)
THE LAW OFFICES OF SIMON & SIMON
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 525-8890
Email: james@bswages.com


By: /s/ *Jerusalem F. Beligan*

Brian S. Kabateck (*pro hac vice* forthcoming)
Anastasia Mazzella (*pro hac vice* forthcoming)
Jerusalem F. Beligan (*pro have vice* forthcoming)
**KABATEK LLP**
633 W. Fifth Street, Suite 3200
Los Angeles, CA 90071
Telephone: (213) 217-5000
Email: bsk@kbklawyers.com

18

        am@kbklawyers.com
        jfb@kbklawyers.com

By: /s/ *Richard E. Quintilone II*
Richard E. Quintilone II (*pro hac vice* forthcoming)
Jeffrey T. Green (*pro hac vice* forthcoming)
**QUINTILONE & ASSOCIATES**
22974 El Toro Road, Suite 100
Lake Forest, CA 92630
Telephone:(949) 458-9675
Facsimile:(949) 458-9679
Email: req@quintlaw.com
        jtg@quintlaw.com

19